# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MORDESTIA YORK,**

    **Plaintiff,**

    v.                                          **Case No. 12-CV-87**

**MICHAEL J. ASTRUE,**

    **Defendant.**

## DECISION AND ORDER ON PLAINTIFF'S
## MOTION TO PROCEED IN FORMA PAUPERIS

The plaintiff, Mordestia York ("York"), seeks judicial review pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3), of the Commissioner of the Social Security Administration's (the "Commissioner") decision denying her application for Supplemental Security Income and disability insurance benefits. (Docket # 1.) This matter comes before the Court on York's motion for leave to proceed in forma pauperis. (Docket # 2.) Based on the petition and affidavit to proceed without prepayment of fees and/or costs, I conclude that her allegations of indigency are true, she is unable to pay the fees and costs of these proceedings and is, therefore, entitled to the relief sought in the petition. Further, I find that the action is not frivolous or malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant who is immune from such relief. Thus, York's motion for leave to proceed in forma pauperis shall be granted.

## ALLEGATIONS OF FACT

In her motion and affidavit to proceed without prepayment of fees and/or costs, York states that she is not married and has one dependant. (Docket # 2.) She owns no vehicle or real property.

She does not own any stocks, bonds, trusts, or individual retirement accounts and has no bank accounts. She has no other property excluding clothing and ordinary household items. She is unemployed, receives $608.00 per month in welfare benefits, and receives no child support for her daughter. She pays $262.00 per month for her portion of the rent; the remainder of which is paid by her mother. She has other basic living expenses that amount to $321.00 per month. Her total monthly expenditure is $583.00 per month leaving a balance of $25.00 per month.

In her complaint, York alleges that her application for Supplemental Security Income and disability insurance benefits was denied for lack of disability. (Docket # 1 at ¶ 1.) York alleges that the Commissioner's conclusion and findings of fact are "not supported by substantial evidence" and are "contrary to law and regulation." (*Id.* at ¶ 7.)

## DISCUSSION

The federal in forma pauperis statute, 28 U.S.C. §1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed in forma pauperis, the court must make two determinations.

First, the court must determine whether the litigant's inability to pay the costs to commence the action is true. 28 U.S.C. § 1915(a). This is to be determined by a review of the litigant's assets as stated on an affidavit submitted to the court. *Id.*

Second, the court must determine whether the action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is considered frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v.*

*Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 D.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, the plaintiff's allegations must be taken as true statements of the facts and all reasonable inferences must be drawn in her favor. *Id.* Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although a complaint "does not require 'detailed factual allegations,'" a complaint that merely offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

York's affidavit summarized above is used to determine whether the litigant is indigent and, therefore, unable to pay the court fees and costs. Based on the information provided, I am satisfied that she is indigent for the purposes of the in forma pauperis statute. On this issue, she is not precluded from proceeding on her action.

I next turn to the question of whether York's claim is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The complaint alleges that the Commissioner denied York Supplemental Security Income and disability insurance benefits and that the plaintiff is appealing from a final administrative hearing decision. The plaintiff further alleges that the appeal is commenced within the time permitted by the Appeals Council. (Docket # 1 at ¶ 3.) York has the right under 42 U.S.C. § 405(g), to obtain judicial

review of a final decision of the Commissioner. Thus, York's action states a claim upon which relief may be granted.

The standard for review that the district court is to apply in reviewing the Commissioner's decision is whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Ehrhart v. Sec'y of Health & Human Services*, 969 F.2d 534, 538 (7th Cir. 1992). Substantial evidence "means more than a mere scintilla of proof, instead requiring such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id* at 538 (internal quotations omitted). In reviewing the Commissioner's decision, the court may neither substitute its judgement for the Commissioner's, nor "merely rubber stamp" the Commissioner's decision. *Id.*

The complaint alleges that the Commissioner's decision denying York Social Security and disability insurance benefits is not supported by substantial evidence and is contrary to law and regulation. (Docket # 1 at ¶ 7.) The Court has not yet had the opportunity to review the evidence or the Commissioner's decision in the plaintiff's case; thus, it would be inappropriate for the Court to decide at this early juncture that York's claim has no basis in either fact or law. Therefore, the Court finds that there may be a basis in law or in fact for York's appeal of the Commissioner's decision and that her appeal may have merit as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The Court finds that the action is neither frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant who is immune from such relief. The Court will, therefore, grant the plaintiff's motion for leave to proceed in forma pauperis.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed **in forma pauperis** (Docket # 2) is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin this 28th day of February, 2012.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge